**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JAMES HANCOCK, M.D.,

      Plaintiff,

   v.

QSC ADMIN LLC, *et al.*,

      Defendants.

Civil Action 2:26-mc-17
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on Plaintiff James Hancock, M.D.'s Motion to Compel

Compliance with Subpoena Issued to Citrin Cooperman Advisors LLC. (ECF No. 2.) For the

following reasons, the Motion to Compel is **TRANSFERRED** to the Northern District of Texas

pursuant to Federal Rule of Civil Procedure 45(f).

## I.      BACKGROUND

The subpoena in question arises out of underlying litigation pending in the Northern

District of Texas, captioned *Hancock, MD v. QSC Admin LLC, et al.*, No. 4:25-cv-651 (the

"Texas litigation"). The Texas litigation is a breach of contract and fraud action in which

Plaintiff alleges that Defendants QSC Admin, LLC, Sumanth Reddy, and Quantify Specialty

Care Holdings, Inc., terminated Plaintiff's executive employment contract without cause, failed

to make contractually required severance and salary payments, and failed to honor contractual

provisions entitling Plaintiff to equity in Quantify Specialty Care. (Amended Complaint, Texas

Litigation, ECF No. 15.)

As part of the Texas litigation, Plaintiff served a subpoena *duces tecum* on Citrin Cooperman Advisors LLC ("CCA") on February 24, 2026. (ECF No. 2-2, PAGEID #104–08.) On April 3, 2026, CCA responded via letter, stating that CCA is "prohibited from producing tax returns or tax return related information without: 1) receiving client consent; or 2) the entry of a Court Order," citing 26 U.S.C. § 7216. (*Id.* at PAGEID #109.) CCA did not otherwise object to the subpoena; nor has CCA filed a motion to quash or modify the subpoena.

Plaintiff filed the subject Motion to Compel on April 15, 2026. (ECF No. 2.)

## II.    STANDARDS GOVERNING SUBPOENAS

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a). Rule 45 permits the Court to quash a subpoena that subjects a nonparty to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Although Rule 45 does not specifically include irrelevance as a basis for quashing a subpoena, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal citation and quotation marks omitted). When a nonparty challenges a subpoena on grounds that the request is over-burdensome, the party seeking the discovery must establish that the information sought is relevant. *See Spartanburg Reg. Healthcare Sys. v. Hillenbrand Indus.*, No. 1:05-mc-107, 2005 WL 2045818, at *4 (W.D. Mich. Aug. 24, 2005). Courts will balance the need for the discovery against the burden imposed on the subpoena recipient, and that person's status as a nonparty is a factor weighing against disclosure. *See State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (quoting *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)).

Rule 45(f) also permits the transfer of a motion to compel compliance with a subpoena "to the issuing court if the person subject to the subpoena consents or if the court finds

2

exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). In determining whether exceptional circumstances exist, courts should consider "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at \*1 (N.D. Ohio Nov. 19, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The Court must then weigh those circumstances against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas."). The decision whether to transfer a motion under Rule 45(f) is discretionary and may be made either on motion or *sua sponte*. *See*, *e.g.*, *F.T.C. v. A+ Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 WL 6388539, \*6 (S.D. Ohio Dec. 6, 2013); *Victim Servs., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 28 (D.D.C. 2018).

### III.    ANALYSIS

The undersigned finds that transferring Motion to Compel to the Northern District of Texas pursuant to Rule 45(f) is appropriate. That court is in a much better position to assess the scope of appropriate discovery, whether any burden of producing responsive documents is undue, and whether Plaintiff should be required to rely on party discovery prior to seeking documents from CCA. The United States District Court for the Northern District of Texas has presided over the Texas litigation for almost a year and has adjudicated five previous discovery

disputes. (*See* Texas Litigation, ECF Nos. 14, 32, 55). Moreover, there is another motion to quash a subpoena pending in the Texas litigation. (*See id.*, ECF No. 57.) Judicial economy will be best served by having all of these discovery disputes resolved by the same Court. *See also A+ Fin. Ctr.*, 2013 WL 6388539 at*3 (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

Moreover, the burden on nonparty CCA of having this dispute adjudicated by the Northern District of Texas will be slight. Rule 45(f) allows counsel for CCA to file papers and appear on the Motion to Compel as officer of the Northern District of Texas. Further, it is unlikely that any travel will be required of Ohio-based counsel, as recent hearings on discovery motions in the Texas litigation have been held via telephone conference. *See also Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video- and teleconferencing). Thus, the undersigned finds any burden of transfer on CCA to be outweighed by the exceptional circumstances outlined *supra*.

## IV.    DISPOSITION

For the reasons set forth above, the Clerk is **DIRECTED** to **TRANSFER** Plaintiff's Motion to Compel (ECF No. 2) to the Northern District of Texas, *Hancock, MD v. QSC Admin LLC, et al.*, No. 4:25-cv-651, and close this miscellaneous action.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4